IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-11130
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE IKE CHUCKS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-449
- - - - - - - - - -
September 20, 1996

Before JONES, DeMOSS,and PARKER, Circuit Judges.

PER CURIAM:[*]

Lawrence Ike Chucks, #23385-077, appeals the denial of his motion for relief under 28 U.S.C. § 2255. Chucks contends that the district court violated the Double Jeopardy Clause by attributing to him fraud losses for which he served a prison term in California; that the district court erred by attributing to him fraud losses that occurred while he was in prison; that he received ineffective assistance of counsel; and that the Government engaged in outrageous conduct during plea

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

negotiations.

Chucks's contention regarding attribution of losses that occurred while he was in prison is an argument regarding application of the sentencing guidelines and is not cognizable in § 2255 proceedings. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Chucks's California jail term was the result of a state-court conviction; consideration of the fraud losses that resulted in the state-court conviction therefore did not violate the Double Jeopardy Clause. *United States v. Moore*, 958 F.2d 646, 650 (5th Cir. 1992).

Implicit in the district court's finding, affirmed by this court on direct appeal, that Chucks had agreed to participate in the entire scope of the counterfeiting scheme in which he was involved was a finding that Chucks was accountable for the fraud that occurred while he was in jail in California in 1990. Chucks has not shown a reasonable probability that counsel could have had the fraud that occurred during that period excluded from the relevant-conduct calculus had he raised such an argument during sentencing or on direct appeal. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Chucks has failed to overcome the presumption of verity given to the statements he made at the plea hearing indicating that no promises were made to obtain his guilty plea; he has failed to demonstrate ineffective assistance of counsel or outrageous Government conduct regarding plea negotiations. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Finally, Chucks's motion to supplement the record on appeal is DENIED.

AFFIRMED.